**Jesus Onate AGUIRRE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 76–3933
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 6, 1977.

J. C. Codias, Harris S. Tannenbaum, Atlanta, Ga., for petitioner.

Philip Wilens, Chief, Dept. of Justice, Gov. Reg. & Labor Sect., James P. Morris, Atty., Rex L. Young, Atty., Criminal Div., Washington, D. C., other interested parties, for respondent.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Petitioner, Jesus Onate Aguirre, seeks review of the decision and order of the Board of Immigration Appeals holding him deportable for having entered the United States from Mexico without having been inspected by the Immigration and Naturalization Service. Petitioner contends that the evidence used at the deportation hearing to establish his deportability was inadmissible because he had been illegally arrested and detained. We find no merit to this contention.

The uncontested evidence shows that an Immigration and Naturalization Service of-

---

4. The importation occurred on May 16, 1975, and appellant was not arrested until March 29, 1976.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

ficer, having received an anonymous telephone call that the Monterey Restaurant was employing illegal aliens, visited the restaurant on May 20, 1976 and stated to petitioner that he was searching for illegal aliens. Petitioner responded that he was the only illegal alien employed there and volunteered information that he had been "picked up before." Petitioner was arrested and taken to the Immigration and Naturalization Service office in Atlanta, where he signed a statement admitting his alienage as well as an illegal entry into the United States in January, 1974. This statement and petitioner's oral statements prior to arrest were received in evidence at the deportation hearing.

Under the express authority of the Immigration and Nationality Act, 8 U.S.C. § 1357(a)(1) and (2) the warrantless arrest was legal.[1] Petitioner's voluntary admissions prior to arrest formed a sufficient basis for the arresting officer to believe that petitioner might abscond before a warrant could be obtained, thus justifying the warrantless arrest. The Board of Immigration Appeals, which sustained the order of the Immigration judge, so held. We find no error.

ENFORCED.

---

1. The statute provides that:

"(a) Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant—

(1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States;

(2) . . . to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest . . . ."